1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  JORGE SALAS,                          )    Civil No. 12cv0337 JAH(BLM)
                                          )
11               Plaintiff,               )    **ORDER GRANTING PLAINTIFF'S**
    v.                                    )    **MOTION TO AMEND AND**
12                                        )    **AUGMENT PLAINTIFF'S**
    UNITED STATES OF AMERICA, and         )    **COMPLAINT [DOC. # 18]**
13  DOES 1 through 20,                    )
                                          )
14               Defendants.             )
                                          )
15  _____    )

16                          **INTRODUCTION**

17          Currently pending before this Court is the motion to amend and augment the

18  instant complaint filed by plaintiff Jorge Salas ("plaintiff").  The motion has been fully

19  briefed by the parties.  After a careful consideration of the pleadings and relevant exhibits

20  submitted, and for the reasons set forth below, this Court GRANTS plaintiff's motion.

21                           **BACKGROUND**

22          The instant complaint stems from a traffic accident that occurred on May 18, 2011,

23  in which plaintiff's vehicle collided with Border Patrol Agent Filadelfo Santos' on duty

24  vehicle. Plaintiff sustained multiple injuries to his lower right extremity, requiring surgery.

25  Plaintiff filed a Federal Tort Claims Act ("FTCA") Form 95 on July 13, 2011,[1] three

26  months after the incident, claiming $2,500,000.00 in personal injury damages based on

27  _____

28          [1] Defendants claim the operative date for a Form 95 claim is the date the federal agency receives the
    form, which in this case was July 15, 2011. *See* Doc. # 23 at 3 n. 1.  There is no issue regarding timeliness
    of the filing or presentation of the claim form so this issue will not be addressed.

1  plaintiff's anticipated full recovery and ability to ambulate on the leg, and on his being

2  able to return to full time work within six months.

3      Plaintiff did attempt to return to work on a limited basis in 2012 but his recovery

4  did not proceed as well as expected.  Plaintiff developed severe chronic pain in the lower

5  leg and complex neuropathy in the foot and ankle along with post-traumatic arthritis and

6  sublar joint and right tibular neuropathy.  Further surgery was required.  Although the

7  prognosis after this surgery was that plaintiff would be able to ambulate after several

8  months and return to work in early 2013, this did not happen.  In Spring 2013, plaintiff

9  was diagnosed with Complex Regional Pain Syndrome and his treating physicians, as well

10  as retained experts from both parties, opined plaintiff needed an amputation of the right

11  lower leg below the knee, which has since taken place.

12      Plaintiff filed the instant complaint on February 8, 2012.  Defendant filed an

13  answer to the complaint on April 17, 2012.  On May 31, 2012, plaintiff filed his motion

14  seeking leave to amend his complaint.  Opposition to the motion was filed on July 12,

15  2013 and plaintiff's reply brief was filed on July 22, 2013.  The motion was subsequently

16  taken under submission without oral argument.  *See* CivLR 7.1(d.1).

17                          **DISCUSSION**

18  **1.      Legal Standard**

19          **a.      Leave to Amend**

20      The filing of an amended complaint after a responsive pleading has been filed may

21  be allowed by leave of court.  Fed.R.Civ.P. 15(a).  Rule 15(a) provides in pertinent part:

22      A party may amend the party's pleading once as a matter of course at any
        time before a responsive pleading is served or, if the pleading is one to which
23      no responsive pleading is permitted and the action has not been placed upon
        the trial calendar, the party may so amend within 20 days after it is served.
24      Otherwise, a party may amend the party's pleadings only by leave of court
        or by written consent of the adverse party; and leave shall be freely given
25      when justice so requires.

26      The Supreme Court has instructed lower courts to heed the language of Rule 15(a)

27  to grant leave freely when justice requires.  Howey v. United States, 481 F.2d 1187, 1190

28  (9th Cir. 1973).  Because Rule 15(a) mandates that leave to amend should be freely given

1    when justice so requires, the rule is to be interpreted with "extreme liberality." United
2    States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

3         Granting leave to amend rests in the sound discretion of the trial court.
4    International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d
5    1386, 1390 (9th Cir. 1985).  This discretion must be guided by the strong federal policy
6    favoring the disposition of cases on the merits.  DCD Programs Ltd. v. Leighton, 833 F.2d
7    183, 186 (9th Cir. 1987).  Because Rule 15(a) favors a liberal policy, the nonmoving party
8    bears the burden of demonstrating why leave to amend should not be granted.  Genetech,
9    Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

10        However, even though leave to amend is generally granted freely, it is not granted
11   automatically.  *See* Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.
12   2002).  Four factors are considered when a court determines whether to allow amendment
13   of a pleading.  These are prejudice to the opposing party, undue delay, bad faith, and
14   futility.  *See* Forsyth v. Humana, 114 F.3d 1467, 1482 (9th Cir. 1997); DCD Programs,
15   833 F.2d at 186; *see also* Foman v. Davis, 371 U.S. 178, 182 (1962).

16        These factors are not equally weighted; the possibility of delay alone, for instance,
17   cannot justify denial of leave to amend.  DCD Programs, 833 F.2d at 186; Morongo Band
18   of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  The single most
19   important factor is whether prejudice would result to the nonmovant as a consequence of
20   the amendment.  William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668
21   F.2d 1014, 1053 (9th Cir. 1981).  A motion to amend may also be denied if the new cause
22   of action would be futile.  *See* Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).
23   A proposed amendment is futile only if no set of facts can be proved under the
24   amendment that would constitute a valid claim.  Miller v. Rykoff-Sexton, Inc., 845 F.2d
25   209, 214 (9th Cir. 1988).
26   //
27   //
28   //

12cv0337

1          **b.     Amendments under the FTCA**

2          The United States, as a sovereign, is immune from suit except to the extent it

3     consents to be sued.  *See* United States v. Mitchell, 445 U.S. 535, 538 (1980).  The

4     court's jurisdiction is defined by the terms of the sovereign's consent.  *See* United States

5     v. Sherwood, 312 U.S. 584, 586 (1941).  A waiver of sovereign immunity must be

6     unequivocally expressed.  *See* Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.

7     1982).  The party suing the "United States bears the burden of pointing to such an

8     unequivocal waiver of immunity."  Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.

9     1983).  The FTCA provides the exclusive remedy for torts committed by employees of the

10    United States acting within the scope of their employment.  28 U.S.C. §§ 1346,

11    2671-2680.  Under the FTCA, a claim for damages filed in federal court may not exceed

12    the amount sought in the underlying adminstrative claim filed with the appropriate federal

13    agency.  28 U.S.C. § 2675(b).

14         Section 2675(b) states that:

15         Action under this section shall not be instituted for any sum in excess of the
           amount of the claim presented to the federal agency, except where the
16         increased amount is based upon newly discovered evidence not reasonably
           discoverable at the time of presenting the claim to the federal agency, or
17         upon allegation and proof of intervening facts, relating to the amount of the
           claim.

18

19    28 U.S.C. § 2675(b).  Thus, under the FTCA, an amendment to the amount of damages

20    may only be granted if newly discovered evidence or intervening facts relating to the

21    amount of the claim is presented.  Id.  These two exceptions are distinct.  Newly

22    discovered evidence concerns evidence existing at the time the claim was filed but was not

23    discoverable then; intervening facts concerns evidence of facts arising after the filing the

24    claim.  Lowry v. United States, 958 F.Supp. 704, 710 (D. Mass. 1997).  The burden of

25    proof is on plaintiff to demonstrate he meets either of these exceptions.  Salcedo-Albanez

26    v. United States, 149 F.Supp.2d 1240, 1243 (S.D.Cal. 2001).

27         The FTCA does not require plaintiffs to "know[] what the doctors could not tell

28    [them]."  Fraysier v. United States, 766 F.2d 478, 481 (11th Cir.1985). "[W]hether the

1  plaintiff is seeking an increase under the rubric of 'newly discovered evidence' or

2  'intervening facts,' one of the key issues is foreseeability. If the condition was reasonably

3  foreseeable at the time the claim was filed, an increase will not be allowed. On the other

4  hand, if it was not ... [then] an increase may be allowed." Lowry, 958 F.Supp. at 711. An

5  objective standard is applied in determining whether a plaintiff satisfies one of the two

6  exceptions to the FTCA.. *See* Michels v. United States, 31 F.3d 686, 689 (8th Cir.1994);

7  Richardson v. United States, 841 F.2d 993, 999 (9th Cir.1988) (remanding matter to

8  district court to determine whether injuries were "reasonably foreseeable" at the time

9  plaintiff filed his administrative claim).

10  **2.    Analysis**

11      Plaintiff seeks to amend his complaint and augment his FTCA claim form to seek

12  damages in the amount of $10,000,000.00.   Plaintiff points out that his condition has

13  significantly deteriorated since the time he filed his FTCA claim in 2011.  Doc. # 18

14  at 11.  In fact, plaintiff claims his condition and prognosis now is significantly different

15  than what was known to his healthcare providers and himself when the July 13, 2011

16  FTCA claim was filed.  Id. at 13.  Plaintiff further points out his injuries, including

17  amputation, are permanent and were not only unanticipated but were unthinkable at the

18  time he filed his FTCA claim.  Id.  Thus, plaintiff contends this newly discovered evidence

19  and intervening facts relating to his diagnosis and prognosis supports an increase in the

20  amount of damages sought in his original administrative claim.  Id.

21      In opposition, defendants contend that plaintiff was aware he may ultimately

22  require an amputation at the time he filed his claim in 2011, pointing to the pre-surgery

23  waiver notations in the Sharp Memorial Hospital medical records where plaintiff

24  underwent surgery in May 2011. *See* Doc. # 23 at 8.  Specifically, defendants point to

25  plaintiff's consent to surgery following discussions with medical staff about the risks of

26  surgery, including neuropathic pain, chronic pain and nerve damage.  Id. (citing Doc.

27  # 23, Exhs. 1, 3).  Defendants explain that, because plaintiff was warned of worst case

28  scenarios such as amputation and chronic pain, it was his burden to account for them

1   when he filed his administrative claim.  Id. (citing Low v. United States, 795 F.2d 466,

2   471 (5th Cir. 1986)).

3          Defendants assert that any claim for depression or post traumatic stress

4   psychological injuries were reasonably foreseeable given plaintiff's medical records which

5   contain a history of recurrent major depression, dreams and fears regarding the accident,

6   and notations concerning depression, nervousness, anxiety and insomnia.  Id. (citing Doc.

7   # 23, Exhs. 3, 5, 6).  Defendants contend plaintiff's psychological damages claim was

8   reasonably foreseeable given his past history of recurrent psychological issues.  Id.  In

9   addition, defendants contend they will be prejudiced if plaintiff is allowed leave to amend,

10  arguing that plaintiff's motion undercuts the administrative claims procedures upon which

11  Congress authorized a very limited waiver of sovereign immunity.  Id. at 10.

12         In reply, plaintiff points out that "[n]owhere, even in the pre-surgery consent

13  disclosure, did any medical provider disclose or state to [plaintiff] that he could possibly

14  have the lower right leg amputated."  Doc. # 27 at 4.  Plaintiff contends defendants ignore

15  the standard adopted by the Ninth Circuit in determining if there are grounds to allow

16  amendment to FTCA claims which focuses primarily on what the plaintiff was aware of

17  at the time of the filing of the FTC claim.  Id. (citing Richardson, 841 F.2d at 999).

18  Plaintiff argues that the diagnosis of changed or new medical conditions after the FTCA

19  claim was filed has been found to be "newly discovered evidence" sufficient to allow the

20  court to grant an increase in the amount stated on the Form 95 claim pursuant to 29

21  U.S.C. § 2675(b).  Id. at 4-5.  Plaintiff notes that courts consistently hold plaintiffs are

22  not charged with "'knowing what the doctors could not tell [them].'"  Id. at 5 (quoting

23  Fraysier, 766 F.2d at 481).  Plaintiff further notes it has been held that injuries which

24  remain permanent "'obviously warrant more damages than temporary ones,' and [thus]

25  have allowed for an increase in the claim amounts" on that basis.  Id. (quoting Fraysier,

26  766 F.2d at 481).

27          Plaintiff contends that, here, where plaintiff's injuries resulted in a permanent

28  condition that is worse than what plaintiff was aware of at the time of the FTCA claim

1  filing and where plaintiff has developed a new condition that was not, and could not have

2  been, diagnosed at the time the FTCA claim was filed, meets the criteria for allowing an

3  increase in the amount of damages claimed. Id. at 5-6. Plaintiff also contends that

4  plaintiff's history of medical complications is an intervening fact that fits the FTCA

5  exception allowing plaintiff to increase his claimed amount. *See* id. at 6-10. Lastly,

6  plaintiff points out defendants' own experts have analyzed the claims of plaintiff and their

7  reports, valuation of damages and conclusions all anticipate plaintiff will require

8  amputation. Id. at 10. Thus, plaintiff argues defendants cannot claim they will suffer

9  prejudice if the claim amount is increased. Id.

10  This Court's review of the record reflects that plaintiff has presented newly

11  discovered evidence and intervening facts sufficient to support his request for an increase

12  in the damages amount for his FTCA claim. This Court is unconvinced, based on the

13  medical record presented here, that a reasonable person would have foreseen the

14  possibility of amputation, given the fact that plaintiff's prognosis after his first surgery was

15  that he was expected to fully recover, be able to ambulate and could return to full time

16  work. Even after he underwent further surgery in 2012, plaintiff's prognosis was good, in

17  that it was anticipated he would be fully ambulatory and able to work after several

18  months. Then, when plaintiff was diagnosed with Complex Regional Pain Syndrome,

19  which culminated in the necessity that his leg be amputated, it was not, in this Court's

20  view, reasonably foreseeable, thereby constituting intervening facts supporting an

21  amendment. This Court also agrees with plaintiff that no prejudice to defendants will

22  result by allowing plaintiff to increase his damages claim. Accordingly, this Court finds

23  plaintiff has met his burden of demonstrating there was newly discovered evidence and

24  intervening facts sufficient to allow an increase in the claimed amount of damages in this

25  case.

26  //

27  //

28  //

12cv0337

1      <u>**CONCLUSION AND ORDER**</u>

2          Based on the foregoing, IT IS HEREBY ORDERED that:

3      1.    Plaintiff's motion to amend and augment his complaint and administrative

4            claim [doc. # 18] is **GRANTED**; and

5      2.    Plaintiff shall file and serve his amended complaint **no later than**

6            **December 27, 2013**.

7  Dated:        December 2, 2013

8

9                                          JOHN A. HOUSTON
                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    8                          12cv0337